*Eastern District.*
*January, 1830.*

LOVE
*vs.*
DICKSON.

---

### FRANKLIN *vs.* WARFIELD'S SYNDIC.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the Court. This action was commenced origin-

Personal property cannot be mortgaged.

VOL. VIII. (N. S.)     56

ally in the parish court; and after the failure and cession of goods by the defendant Warfield, was transferred to the district court, wherein proceedings had been instituted by he insolvent.

The object of the suit in the first instance, was to dissolve a partnership which existed between the plaintiff and defendant, in relation to their business as inn-keepers, and to obtain a settlement of their accounts, &c.

In the progress of the cause since it has been cumulated with the *concurso*, M'Call intervened, and claims one half of the furniture of the house which was occupied by the partners, as having been sold to him by Warfield, previous to the partnership. He obtained a decree in his favor, from which the plaintiff appealed.

The only question which the case at present presents, relates to the claim of the intervening party

His rights depend on an interpretation of two notarial acts, in virtue of which he pretends title to the property in dispute.

The first of these bears date on the 14th of March, 1828, and the 2d on the 24th of June, of the same year. The last act pur-

Eastern District.
*January*, 1830.

FRANKLIN
*vs.*
WARFIELD'S
SYNDIC.

ports to be explanatory of that which preceded it: but as it was made at a time when the insolvent could not legally and validly make any alteration in the state of his property to the prejudice of the mass of his creditors, it may be dismissed without comment. The act of the 14th of March, was passed by the parties, to secure Mc Call against any loss which might occur to him in consequence of his endorsement on Warfield's note of 500 dollars; and no doubt they intended to make it effectual for that purpose. But we believe that it was executed in such a manner and form as to frustrate their intentions. It is an hypothecation of personal property, which is not tolerated by law. The expression, *assign over*, found in the act conjoined the terms "mortgage, affect, and especially hypothecate," does not alter its nature. It is unusual, in contracts of sale, to introduce an expression like this, unless in transfers of debts. Coupled as it is with the words mortgage affect, and especially hypothecate," such meaning should be given to it as to correspond with them. The property is assigned over by hypothecation. If the act had relation to immoveable effects, no doubt

FRANKLIN
*vs.*
WARFIELD'S
SYNDIC.

would be entertained in relation to its character; it could be considered as nothing more than a mortgage. A pledge it cannot be, for it is of the essence of such contracts, that the property should be delivered to the pledger. Being neither a sale or pledge, the intervening party, has (in our opinion) acquired no right to the furniture intended to be affected by his contract with the insolvent.

It is therefore ordered, that so much of the judgment of the district court as decreed the half of the proceeds arising from the sale of the furniture and goods which were sequestered by the sheriff, to be paid to McCal the intervening party, be annulled, reversed and annulled: hereby affirming that part of the judgment which settles the sum due by Warfield to the plaintiff. And it is further ordered, &c. that the case be sent back to the court below, for the purpose of directing distribution of the insolvent's estate, according to law : the appellee to pay the costs of the appeal.

*Nixon* for appellant, *Hennen* and *Mc C leb* for appellee.